WAVERLY D. CRENSHAW, JR., CHIEF UNITED STATES DISTRICT JUDGE
Pending before the Court is Thomas Nelson's Motion for Attorneys' Fees, Expenses and Costs Incurred in Defense of the CNDA Claim. (Doc. No. 1065.) EPAC has filed a response opposing the motion, to which Thomas Nelson has replied. (See Doc. Nos. 1075, 1085). For the following reasons, Thomas Nelson's Motion for Attorneys' Fees (Doc. No. 1065) will be denied.
In its instant motion, Thomas Nelson moves the Court, pursuant to Federal Rule of Civil Procedure 54(d), for reasonable attorneys' fees, expenses, and costs incurred in defense of EPAC's claim of breach of the Confidentiality and Non-Disclosure Agreement ("CNDA"). (Id. at 1.) Thomas Nelson requests an award of attorneys' fees, expenses, and costs in the amount of $ 4,330,960.39. (Id. ) Thomas Nelson argues that, having prevailed on the CNDA claim by having it dismissed on its Rule 50 motion for a judgment as a matter of law at the close of EPAC's proof, it is entitled to "prevailing party" status on that claim. (Doc. No. 1066 at 3.) Thomas Nelson maintains that it is not seeking fees and expenses unrelated to the CNDA claim, but, because EPAC intermingled its claims, "it is simply not possible to separate out specific hours spent on defending only the CNDA claim separate and apart from EPAC's other claims." (Id. at 4.) Thomas Nelson also argues that the requested fees and costs are reasonable. (Id. at 5.) Thomas Nelson contends that its attorneys' hourly rates are reasonable considering the attorneys' skill, experience, and the market hourly rate in Nashville. (Id. at 7.) Moreover, Thomas Nelson asserts that the extensive amount of work was necessary to defend against EPAC's "scorched-earth" litigation tactics. (Id. at 9.) Accordingly, Thomas Nelson requests $ 4,330,960.39 in attorneys' fees, expenses, and costs. (Id. at 9-10.)
EPAC opposes Thomas Nelson's motion, first arguing that Thomas Nelson is not entitled to "prevailing party" status. (Doc. No. 1075 at 4.) EPAC contends that whether a party is entitled to "prevailing party" status depends on whether the party was successful in the overall litigation. (Id. at 4-5.) EPAC maintains that Thomas Nelson was found liable on the breach of Master Service Agreement and fraudulent concealment claims, and, therefore, it was not successful in the overall litigation. (Id. at 5.) EPAC also asserts that Thomas Nelson's failure to limit its motion to solely fees incurred to defend the CNDA claim necessitate denial. (Id. at 6.) EPAC notes that Thomas Nelson admits it cannot separate *449 out the fees related to defense of the CNDA claim. (Id. at 8.) EPAC argues that, because Thomas Nelson cannot separate out these fees, granting its motion would be absurd because the Court would necessarily be awarding fees for claims in which Thomas Nelson did not prevail. (Id. at 9-10.) Finally, EPAC argues that Thomas Nelson's request for fees is unconscionable, especially considering that the Magistrate Judge specifically found Thomas Nelson to have engaged in wrongful litigation tactics. (Id. at 10-11.) Accordingly, EPAC requests that Thomas Nelson's motion be denied. (Id. at 11.)
The "bedrock principle" of the American Rule says that " [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise in 'specific and explicit' terms." Warren Drilling Co. v. Equitable Prod. Co., 621 Fed. App'x. 800, 806 (6th Cir. 2015). In the context of contract interpretation, Tennessee state law allows an exception to the American rule only when a contract specifically or expressly provides for the recovery of attorneys' fees. House v. Estate of Edmondson, 245 S.W.3d 372, 377 (Tenn. 2008) ("The American rule provides that a party in a civil action may not recover attorney's fees absent a specific contractual or statutory provision providing for attorney's fees ..."); Pinney v. Tarpley, 686 S.W.2d 574, 581 (Tenn. Ct. App. 1984) ("In the absence of an express agreement to pay attorney's fees for enforcement of a contract, such are not recoverable ..."). If a contract does not specifically or expressly provide for attorney's fees, the recovery of fees is not authorized. See, e.g., Kultura, Inc. v. Southern Leasing Corp., 923 S.W.2d 536, 540 (Tenn. 1996) (holding that the term "any loss" does not include an award for attorney fees).
Section 15 of the CNDA provides that "in the event action or proceedings are instituted to enforce or interpret the obligations of the Parties to this Agreement, the prevailing Party will be entitled to recover from the other Party all reasonable attorneys' fees and attendant costs and expenses for the action or proceeding." (Doc. No. 1066 at 1.) The term "prevailing party" is not defined by the CNDA, but the Sixth Circuit has addressed how courts are to define "prevailing party" in the context of a contract dispute when the parties themselves have left the meaning otherwise undefined. "Where, as here, the contractual provision awarding fees is identical to the frequently-used statutory term 'prevailing party,' and there is no effort to define that term differently in the [agreement] providing for the recovery of fees, we hold that the parties intend the term 'prevailing party' to have the meaning given it by the case law under Rule 54(d)(1)." Clarke v. Mindis Metals, Inc., 99 F.3d 1138 (Table), 1996 WL 616677, at *10 (6th Cir. Oct. 24, 1996).
Under this precedent, then, this Court must use Rule 54(d)(1) as a starting point for its analysis; however, because the term "prevailing party" should be interpreted consistently, this Court may also seek guidance from other cases interpreting federal statutes allowing for fee-shifting in favor of a "prevailing party." Chambers v. Ohio Dep't. of Human Servs., 273 F.3d 690, 693 n. 1 (6th Cir. 2001) ; see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598, 602-03, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (explaining that the term "prevailing party" as contained in various fee-shifting arrangements must be construed as having a consistent meaning). The Supreme Court has stated that "[a] prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." Tex. State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)
*450 (construing the term as used in 42 U.S.C. § 1988 ). Further, the Court concluded that, "at a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Id.
Thomas Nelson did succeed in dismissing EPAC's CNDA claim at trial. Therefore, there is at least some argument that Thomas Nelson is a "prevailing party" as to that claim. See id. However, the Court need not decide the "prevailing party" issue because, even if Thomas Nelson is entitled to "prevailing party" status on the CNDA claim, its request for over $ 4 million in attorneys' fees for success on this singular claim is patently unreasonable, and, indeed, strains credulity.
"Under Tennessee law, contracts permitting the prevailing party to recover attorney's fees are enforceable, but strictly construed." See Starnes Family Office, LLC v. McCullar, Case No. 10-2186, 2012 WL 566749, at *1 (W.D. Tenn. Feb. 21, 2012) (citing Clark v. Rhea, Case No. M2002-02717-COA-R3-CV, 2004 WL 63476, at *2 (Tenn. Ct. App. Jan. 13, 2004). The prevailing party seeking attorney's fees bears the burden of proof that its requested fees are reasonable. VRF Eye Specialty Grp., PLC v. Yoser, 765 F.Supp.2d 1023, 1034 (W.D. Tenn. 2011). In deciding whether requested fees are reasonable, courts consider:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the service; and (8) whether the fee is fixed or contingent.
Id.; Wright ex rel. Wright v. Wright, 337 S.W.3d 166, 177 (Tenn. 2011) ; see also Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980).
There is no "fixed mathematical rule" for calculating reasonable fees because the circumstances of each individual case will be determinative. Killingsworth v. Ted Russell Ford, Inc., 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002) ; see also White v. McBride, 937 S.W.2d 796, 800 (Tenn. 1996). Ultimately, the reasonableness of attorney's fees will turn on the particular circumstances of each individual case. Wright, 337 S.W.3d at 185-86. Moreover, the entitlement to recover attorney's fees is limited to the situation agreed to by the parties in the contract. Williams v. Williams, No. M2013-01910-COAR3CV, 2015 WL 412985, at *9 (Tenn. Ct. App. Jan. 30, 2015).
Here, the CNDA expressly limited the recovery of attorney's fees to the fees that the prevailing party incurred in association with an action or proceeding enforcing or interpreting the CNDA. Yet, Thomas Nelson admits that its requested fees include time, effort, and money expended in defense of EPAC's other claims. (See Doc. No. 1066 at 4.) Thomas Nelson claims that, because of the interconnected nature of EPAC's claims, it is not possible to separate out the specific hours spent on defending only the CNDA claim. (Id. ) Thomas Nelson's attempt to shift the blame for its imprecise billing to EPAC rings hollow. Thomas Nelson, not EPAC, is responsible for proving the reasonableness of its fee request, and any failure to make such a showing lies with Thomas Nelson, not EPAC. Yoser, 765 F.Supp.2d at 1034.
*451 Moreover, generally, in litigation involving multiple claims, all the claims are interconnected. The interrelation of the claims does not absolve Thomas Nelson from its burden of showing that the fees are reasonable and related to its defense of the CNDA claim. Id.; Williams, 2015 WL 412985, at *9. Additionally, rather than engage in a good-faith effort to pare its fee request to those efforts that were directly related to defense of the CNDA claim, Thomas Nelson has favored a kitchen-sink approach, including fees that, even when cursorily examined, are not connected to the CNDA claim. Put simply, Thomas Nelson has not come close to satisfying its burden that the requested fees for its defense of the CNDA claim are reasonable.
Accordingly, Thomas Nelson's Motion for Attorneys' Fees, Expenses and Costs Incurred in Defense of the CNDA Claim (Doc. No. 1065) is DENIED.
IT IS SO ORDERED.